CASE No. 1059.

STATE v. SCOTT.

1. Several distinct felonies by the same persons may be joined in the same indictment; where they all grow out of the same transaction they may be tried together, but the jury should be instructed as to the effect of a general verdict of guilty ; where they do not grow out of the same transaction, it is the duty of the court to require the presiding officer to select one of the felonies and confine himself to that.

2. This case distinguished from *State* v. *Fant,* 2 *Brev.* 487.

3. The Circuit judge committed no error in saying to the jury, that if the testimony of the accomplices, witnesses for the state, was corroborated as to one of the defendants, that this would warrant the jury in finding all of the defendants guilty.

4. There being in the indictment counts for arson, burglary and grand larceny, an arrest of judgment for arson does not operate to arrest the judgment on the other counts, but, there being a general verdict of guilty, furnishes good ground for a new trial.

5. Evidence that an accomplice had stated out of court that which he had sworn upon the stand, would not be corroboration of his testimony, and is incompetent.

Before THOMSON, J., Hampton, October, 1880.

Indictment against Asa Scott and five others for arson, burglary and grand larceny. The opinion states everything that is to be learned from the meagre brief in this case.

*Mr. W. P. Murphy,* for appellant, cited 4 *Humph.* 194; 2 *McLean* 325; 10 *Ga.* 46; 29 *Ala.* 62; *Roscoe's Cr. Ev.* 122, 123, 188; 11 *S. C.* 275; 3 *Strob.* 523, note; 1 *Metc.* 13; 14 *S. C.* 628; 7 *S. C.* 283; 14 *Rich.* 169.

*Mr. Solicitor Gantt,* contra, cited *Archb. Cr. Pl.* 30; 1 *McM.* 190; 7 *Rich.* 490; 3 *Hill* 1; *Cheves* 105; 9 *Rich.* 355; 14 *Id.* 169; *Whart. on Am. Cr. L.* 151, 302; 4 *Strob.* 270; 10 *S. C.* 191; 11 *S. C.* 196.

July 18th, 1881.    The opinion of the court was delivered by

McIVER, A. J.    The indictment in this case contained a count for burglary, a count for arson and a count for grand larceny. The jury rendered a general verdict of guilty, upon which the defendants moved, before the Circuit judge, to arrest the judgment and for a new trial, substantially upon the following grounds :

1. Because there was an improper joinder of offences in the indictment.

2. Because the judge erred in instructing the jury that where two or more persons are on trial and the testimony of an accomplice is relied on, which is corroborated as to one of the accused and not as to the others, this will warrant the jury in finding all of the defendants guilty.

These motions were refused by the Circuit judge, except so far as the motion to arrest the judgment for arson was concerned, which was granted, whereupon the defendants appeal upon the grounds above stated, and upon the additional grounds that the arrest of the judgment for arson operates as an arrest of the whole judgment; and that the testimony of C. L. Peeples, to the effect that he had heard the two accomplices, who were introduced as witnesses by the state, make the same statements, out of court, not in the presence of the accused, that they made while on the stand.

First, as to the question whether the offences named can be joined in the same indictment.    The rule upon this subject seems to be that there is no valid objection to the joinder of several distinct felonies in the same indictment, and that such joinder constitutes no ground for demurrer or motion in arrest of judgment.,  1 *Chitty on Cr. L.* 253; *Young* v. *King,* 3 *T. R.* 98 ; *State* v. *Johnson,* 3 *Hill* 1 ; *State* v. *Tidwell,* 5 *Strob.* 1 ; *State* v. *Nelson,* 14 *Rich.* 172.    But where the several felonies charged all grow out of the same transaction, the jury should be distinctly instructed as to the effect of a general verdict of guilty, which is understood to find the highest offence charged, if there is testimony to support it, in order that they may shape their verdict so as to conform to their real convictions by finding upon each count separately.    *State* v. *Nelson, supra; State* v. *Priester,*

*Cheves* 105. If, however, distinct felonies are charged in separate counts, not growing out of the same transaction, then the proper practice is to require the prosecuting officer to select one of the felonies and confine himself to it, even though no motion to that effect should be made by the accused. *State* v. *Nelson, supra.*

The case of *State* v. *Fant et al.,* 2 *Brev.* 487, though, at first view, somewhat in conflict with these views, is not really so. In that case Fant was indicted, as keeper of a tavern, for allowing the other defendants to game in his house, and the others were indicted for gaming, the punishment in the former case being a fine of $50, and in the latter case a fine of $25. So that in Fant's case there were not only different offences joined in the same indictment, but *different persons* were charged with different offences in the same indictment. It does not distinctly appear whether the defendants were all charged in the same count, but the inference is that they were, for the statement is: "The defendants were all included in one indictment, which did not state any particular place where the offences were committed." The judgment was arrested by the Circuit judge "because two distinct offences were laid in the same indictment," and all that is said upon this point by the Court of Appeals is: "The judgment was properly arrested on the first ground of objection to the conviction. The offences are distinct, different in their nature, and admitting of different degrees of punishment, and ought not to have been combined in the same indictment."

The probability is, as we have said, that there was but one count in the indictment, but even had there been two, the case would not be decisive of the one now under consideration, for in that case *different persons* were indicted for different offences in the same indictment, while here the *same persons* are charged in different counts of the same indictment with different offences; and the court in Fant's case, which was an indictment for misdemeanor, certainly could not have intended to decide that the *same persons* could not be charged in different counts of the same indictment with different misdemeanors, as that would be opposed to the current of the authorities.

In this case it does not appear whether the felonies charged

all grew out of the same act, for although it is asserted in the argument that such was the fact—that the building was broken into, robbed and then set fire to—yet as these facts do not appear in the " case " as prepared for argument here, we cannot regard them as entering into the case which we are called upon to decide. It does not appear, however, either that any instruction was given to the jury to shape their verdict so as to show what particular felony they intended to find the prisoners guilty of, or that the prosecuting officer was required to elect upon which count he would proceed, and, therefore, we think there should be a new trial.

The next inquiry is, whether the Circuit judge erred in saying to the jury that if the testimony of the accomplices was corroborated as to one of the defendants, this would warrant the jury in finding all of the defendants guilty. It seems to be very well settled that the testimony of an accomplice is *competent*, but that the usual practice is for the presiding judge to advise the jury not to convict upon the uncorroborated testimony of an accomplice. 2 *Stark. on Ev.* 23, 24; *Roscoe on Cr. Ev.* 120, 121; 1 *Greenl. on Ev.*, § 380; *State* v. *Wingo*, 11 *S. C.* 275, note. But these authorities also show that it is not necessary that the accomplice should be corroborated in *every* particular; but that where he is corroborated in some portions of his testimony *material to the issue*, the jury may regard this as sufficient to warrant them in giving credit to his whole story.

The object of the corroboration is not to add strength to the proof of the fact as to which the accomplice may be corroborated, but to test the credibility of the accomplice; and if the jury find that he is truthful in regard to some of the matters in issue, they may regard him as entitled to credit in other matters as to which he is not corroborated. As is said in 2 *Stark. on Ev.* 24: " It seems that it is not necessary that the accomplice should be confirmed in every circumstance, or with respect to each of the prisoners against whom he testifies. If it were necessary to confirm his evidence in all points, his testimony would be useless. * * * His evidence upon points where he is confirmed by unimpeachable evidence is useless; the question is, whether he is to be believed upon points where he receives no confirmation, and of

this the jury are to form their opinion from the nature of his testimony, his manner of delivering it and the confirmation which it receives, derived from other evidence which is unsuspected. If, upon such consideration, his character be established as the witness of truth, he is credible in matters where he is not corroborated."

See, also, *Rex* v. *Jones,* 2 *Camp.* 133, in which four prisoners were convicted upon the testimony of an accomplice, whose testimony as to one of the prisoners was not corroborated, and the case being referred to the twelve judges they held unanimously that the conviction was legal. So in *Roscoe on Cr. Ev.* 120, 121, it is said : " Where on the trial of several prisoners an accomplice who gave evidence was confirmed in his testimony with regard to some of the prisoners, but not as to the rest, Bayley, J., informed the jury that if they were satisfied by the confirmatory evidence that the accomplice was a credible witness, they might act upon his testimony with respect to others of the defendants, though, as far as his evidence affected them, he had received no confirmation." It is true that in 1 *Greenl. on Ev.,* § 381, it is said that there are differences of opinion upon this subject, some judges holding that when several prisoners are on trial confirmation should be required as to all before they can all be safely convicted; but we think the rule laid down by Starkie, in the passage above cited, is more in accordance with principle.

Indeed, as long as the testimony of an accomplice is *competent* and as long as the jury are the exclusive judges of the *credibility* of witnesses, we see no reason why a jury may not convict upon the uncorroborated testimony of an accomplice, provided they are satisfied of the truthfulness of his testimony ; and if corroboration in certain particulars or as to certain of the parties charged satisfies them that credit should be given to the whole testimony of the accomplice, they certainly would be fully warranted in acting upon such testimony. See *State* v. *Brown,* 3 *Strob.* 508. We do not think there was any error in that portion of the charge which relates to this subject.

The next inquiry is, whether arresting the judgment for arson operated as an arrest of the entire judgment. We do not see how the position taken in this ground of appeal can be sustained. We

are not informed as to the ground upon which the Circuit judge arrested the judgment for arson, but we can very well understand that where an indictment contains several counts one of them may be so defective in form as not to warrant any judgment upon it, and if in such a case the judgment be arrested as to such defective count, we know of no reason, and have heard none suggested, why this should affect in any way the other good counts or prevent judgment being rendered upon them.

While, therefore, we do not think the ground as taken can be sustained, yet we do think that this furnishes a good ground for a new trial. The verdict was a general verdict, and according to the rule above stated, as laid down in State *v.* Nelson, such a verdict is understood to apply to the highest offence charged in the indictment, where there is testimony to support it; and although we are not informed as to the testimony in this case, yet it may be that the testimony was sufficient to convict under the count charging arson, but not sufficient to convict of either of the other offences charged; and as no judgment can now be rendered under the count for arson, it may be that these defendants have received judgment for offences of which the jury did not intend to convict them. In this uncertainty we think it proper that the defendants should have the benefit of another trial. *State* v. *Anderson*, 1 *Strob.* 455.

The only remaining inquiry is as to the competency of the testimony of Peeples. It is not very clear from the statement furnished us what were the exact facts or how this question arose, but as well as we can understand it, Peeples was offered by the state as a witness to corroborate the testimony of the two accomplices who had also been used as witnesses by the state, and that for this purpose he was allowed to prove that these accomplices had made the same statements out of court that they made while on the stand as witnesses. If this be a correct statement of what occurred, then we think that the testimony of Peeples was incompetent. *Davis* v. *Kirksey*, 2 *Rich.* 176.

It would certainly be no corroboration of an accomplice to prove that the statement made by him under oath conformed to that which he had previously made while not under oath. That is not our idea of corroboration. The facts sworn to by the ac-

complice must be shown by other witnesses, or by circumstances, to be true, in whole or in part, not merely that he has previously stated the same facts. The object of the corroborating evidence is to test the truthfulness of the accomplice, and surely the fact that he has, while not under oath, told the same story which he tells upon the stand, affords no such test. The accomplice goes upon the stand under a cloud, with the presumption against his truthfulness, but when it is shown by independent unimpeachable evidence that some of the facts material to the issue, which he has sworn to, are true, that may satisfy the jury that his whole story is worthy of credence. The testimony of Peeples did not furnish any independent evidence of the truth of any of the facts testified to by the accomplices, and therefore lacked the essential element of corroborative evidence.

The judgment of this court is that the judgment of the Circuit Court be reversed and that the case be remanded to that court for a new trial.

SIMPSON, C. J., and MCGOWAN, A. J., concurred.